# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

MANUEL HINOJOS,

        Plaintiff,

v.                                                                                     Case No. 18-CV-710-WJ-KK

PAY AND SAVE, INC. d/b/a LOWE'S MARKET,
ROGER LOWE, JR., and DAVID FUIGEROA

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR REMAND,
## DENYING AS MOOT PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RULING ON PLAINTIFF'S MOTION FOR REMAND, AND
## DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Remand. **[R. Doc. 10, filed August 23, 2018]**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well-taken and, therefore, is **GRANTED**. Plaintiff's Motion to Stay Proceedings Pending Ruling on Plaintiff's Motion for Remand, **[R. Doc. 11, filed August 23, 2018]**, and Motion to Dismiss Claims Against the Individual Defendants, **[R. Doc. 9, filed August 20, 2018],** are **DENIED AS MOOT**.

## BACKGROUND

On June 15, 2017, Plaintiff Manuel Hinojos filed a charge of discrimination form with the New Mexico Department of Workforce Solutions, Human Rights Bureau, also referred to as the New Mexico Human Rights Division ("NMHRD"). [R. Doc. 26.2 at 1, filed September 27, 2018]. The face of the charge of discrimination only names "Pay and Save Inc., d.b.a. Lowe's [Market]". [Id.]. However, the charge of discrimination also included an attached affidavit, which among

others, named Defendant David Figueroa. [Id. at 3]. Plaintiff later received a letter of nondetermination and filed the present complaint in state court.

The original complaint was filed in the First Judicial District Court for the State of New Mexico on May 29, 2018 alleging that Defendant Pay and Save Inc., doing business as Lowe's Market (hereinafter "Lowe's"), Defendant Roger Lowe, Jr., and Defendant David Figueroa (collectively referred to as "Defendants") violated the New Mexico Human Rights Act ("NMHRA") because they discriminated against Plaintiff on the basis of his race and his serious medical condition. He also claims that Defendants retaliated against him in violation of the NMHRA, and he claims intentional infliction of emotional distress. [R. Doc. 1.1, filed July 25, 2018].

Defendants filed a Notice of Removal with this Court on July 25, 2018 alleging that federal jurisdiction exists because this is a civil action between citizens of different states[1] and Plaintiff's allegations reflect that the amount in controversy exceeds the sum of $75,000, and that Plaintiff failed to exhaust his administrative remedies against Defendants. [R. Doc. 1 at 2].

Plaintiff's original complaint states that he was a store manager at a Lowe's locale in Santa Fe, New Mexico. [R. Doc. 1.1 at 3, ¶ 7]. Plaintiff's supervisors included the Area Manager, Defendant Figueroa, who was originally named in the state-court complaint. [Id. ¶ 9]. The complaint alleges that there was discrimination at Lowe's because the workforce and lower-level employees were predominantly Hispanic and of Mexican decent or national origin, and that the number of Hispanic and Mexican personnel in management was low and not representative of Lowe's overall workforce. [Id. at 4, ¶ 15]. Moreover, the complaint alleges that Plaintiff was

---

[1] Plaintiff is a citizen of New Mexico, Defendant Lowe's is a citizen of Texas, Defendant Lowe Jr. is a citizen of Texas, and Defendant Figueroa is a citizen of New Mexico. Defendants allege that Defendant Figueroa was fraudulently joined to defeat diversity jurisdiction, and as such, complete diversity exists.

denied promotion opportunities despite running a successful store, and that Defendants tolerated racially charged language at the workplace. [Id. ¶¶ 17, 19]. The complaint also alleges that Defendants had a goal called the "50-50 mix", which refers to Defendants' alleged goal of attaining a customer base of fifty percent Hispanic and fifty percent Anglo since the current customer base is allegedly eighty percent Hispanic and twenty percent Anglo. [Id. at 5-6, ¶ 23]. Finally, the complaint alleges that Plaintiff objected to the alleged discriminatory treatment and made formal complaints to Lowe's management, and that he was retaliated against for openly criticizing this alleged discriminatory treatment. [Id. at 6, ¶ 24]. Plaintiff points to several instances of managerial conduct and decisions to discontinue bread and drink products that were allegedly preferred by Hispanic and Mexican customers. [Id. at 8-9, ¶¶ 36, 39]. Plaintiff alleges that Defendant Figueroa participated in firing Plaintiff because Defendant Figueroa allegedly traveled to Texas to meet with management, and Plaintiff was fired approximately one week after this meeting. [Id. at 12, ¶ 53].

Defendants also filed a Motion to Dismiss Claims Against the Individual Defendants, [R. Doc. 9, filed August 20, 2018], and Plaintiff filed a Motion to Stay Proceedings Pending Ruling on Plaintiff's Motion for Remand. [R. Doc. 11, filed August 23, 2018]. The Court will first determine whether jurisdiction exists in order to rule on any other pending motions. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (a court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) [. . . .]").

## STANDARD

### I. Removal and Diversity Jurisdiction

Federal courts are courts of limited jurisdiction, and there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve*

*Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *see also Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Id.* at 333.

Defendants removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher*, 733 F.3d at 987. "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*; *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). A matter may be remanded to state court if the federal court lacks subject matter jurisdiction (such as diversity jurisdiction). 28 U.S.C. § 1447(c). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## II. Fraudulent Joinder

The joinder of a non-diverse party is "fraudulent" when it serves no purpose other than "to frustrate federal jurisdiction." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). The

citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *Dutcher*, 733 F.3d at 987-88.

Fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir. 1967). "In cases where fraudulent joinder is claimed, [the Tenth Circuit has] directed courts to 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (quoting *Dodd*, 329 F.2d at 85 (citations omitted)). "In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Id.* at 913 (citation omitted). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.*

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation and internal quotation marks omitted). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000).

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988. The proper analysis here is under the latter. The removing

party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the non-diverse defendant. *Montano*, 211 F.3d at 1278 (to prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court); *see also Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1116 (D.N.M. 2017); *Hart v. Bayer Corp.*, 199 F.3d 239, 246–47 (5th Cir. 2000).

## ANALYSIS

### I. Exhaustion of Administrative Remedies under New Mexico Human Rights Act (NMHRA)

The Court must first determine whether Plaintiff exhausted his administrative remedies against Defendant Figueroa. "[I]ndividual defendants cannot be sued in district court under the [NMHRA] unless and until the complainant exhausts her administrative remedies against them." *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380. The burden to prove exhaustion lies with the plaintiff. *Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 11. To exhaust administrative remedies under the NMHRA a plaintiff must: (1) file a complaint with the [NMHRD] or the [Equal Employment Opportunity Commission] making sufficient allegations to support the complaint; and (2) receive an order of nondetermination from the NHMRD. *Stailey v. Gila Reg'l Med. Ctr.*, No. CV 16-0485 JCH/GJF, 2017 WL 3602057, at *6 (D.N.M. Feb. 21, 2017). The statute provides that the written complaint must "state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required." N.M.S.A. 1978, § 28-1-10(A). The Supreme Court of New Mexico has affirmed that defendants who were not named in the administrative proceeding cannot be added to the appeal to the district court. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 10, 127 N.M. 282; *see also Sonntag v. Shaw*, 2001-NMSC-015,

¶ 13, 130 N.M. 238 (dismissing an individual defendant from the case because the plaintiff had not named the defendant in her complaint to the NMHRD).

Defendants claim that Plaintiff did not exhaust his administrative remedies against Defendant Figueroa because he was not named on the face of the charge of discrimination. Plaintiff counters by arguing that Defendant Figueroa was identified in the attached affidavit to the charge of discrimination describing the narrative of the alleged discrimination. Defendants point to *Lobato v. New Mexico Env't Dep't* in which the Supreme Court of New Mexico held that an "unwary claimant[]" exhausted his administrative remedies despite not naming the individual defendants in the discrimination charge because the administrative form was misleading. 2012-NMSC-002, ¶ 10. *Lobato* explained that the form was misleading because it only asked that the plaintiff name "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" that the plaintiff believed discriminated against him, and it did not ask for individual defendants. *Id.* Defendants argue that Plaintiff is not an "unwary plaintiff" because he was represented by counsel at the time he filed the charge of discrimination. [R. Doc. 18, filed September 10, 2018 at 5, citing *Muffoletto v. Christus St. Vincent Reg'l Med. Ctr.*, 157 F. Supp. 3d 1107, 1114-15 (D.N.M. 2015) (finding that the plaintiff was represented by counsel, and failure to name the individual defendants was not safeguarded by *Lobato*); and *Benavidez v. Sandia Nat'l Laboratories*, 212 F. Supp. 3d 1039, 1086–87 (D.N.M. 2016) (plaintiff conceded she had not exhausted administrative remedies, and the court indicated that she had consulted with an attorney prior to filing the charge of discrimination and did not name the defendants at all)].

The Court finds that Plaintiff exhausted his administrative remedies against Defendant Figueroa. In *Benavidez*, the plaintiff conceded she did not exhaust her administrative remedies against the individual defendants because she consulted with an attorney prior to the filing of the

charge of discrimination and did not name the individual defendants at all. 212 F. Supp. 3d at 1086–87. Here, the case is unlike *Benavidez*, Plaintiff has not conceded the issue, and he named Defendant Figueroa in the attached affidavit. In contrast to *Muffoleto*, where no individual defendants were named in the charge of discrimination or in any attachment, the Plaintiff in the instant case attached an affidavit identifying Defendant Figueroa by name, his position in the company, and his employer's work address in Santa Fe, New Mexico.[2] 157 F. Supp. 3d at 1114-15; *cf. Stailey*, 2017 WL 3602057, at *6 (finding that the plaintiff exhausted administrative remedies where the plaintiff named the defendants by name and provided their address in attachment to the discrimination charge despite not naming them in face of the discrimination charge). Therefore, the Court finds that Plaintiff has exhausted his administrative remedies under the NMHRA against Defendant Figueroa, and the Court may review whether a cause of action under state law has been asserted against the non-diverse defendant for purposes of determining the issue of fraudulent joinder.

**II.     Defendant Figueroa was not fraudulently joined.**

Defendants assert that Defendant Figueroa was fraudulently joined because Plaintiff cannot state a claim against Defendant Figueroa in state court under the NMHRA or under the state-law claim of intentional infliction of emotional distress. Plaintiff asserts four causes of action: (1) NMHRA serious medical condition discrimination; (2) NMHRA race discrimination; (3) NMHRA retaliation; and (4) intentional infliction of emotional distress. [R. Doc. 1.1 at 14-16]. Thus, the crucial issue for the Court to determine is whether, under the facts of this case and the controlling law, Plaintiff can "establish a cause of action against the non-diverse party in state court." *Dutcher*,

---

[2] Defendants assert that the affidavit was manufactured after the fact, but records demonstrate that the affidavit was in fact filed along with the charge of discrimination. Either Defendants overlooked the affidavit, or the affidavit was not provided to Defendants by the NMHRD. This situation does not appear to be the fault of Plaintiff.

733 F.3d at 988. A single valid cause of action claimed against Defendant Figueroa is enough to warrant remand of this case to state court.

The ultimate issue in a discrimination claim is "whether the [challenged entity's] actions were motivated by impermissible discrimination." *Martinez v. Yellow Freight Sys., Inc.*, 1992-NMSC-015, ¶ 9, 113 N.M. 366 (internal quotation marks and citation omitted). A prima facie case of discrimination may be made by demonstrating that the plaintiff (1) is a member of the protected group; (2) was qualified to continue in his position; (3) his employment was terminated; and (4) that his position was filled by someone not a member of the protected class. *Smith v. FDC Corp.*, 1990-NMSC-020, ¶ 11, 109 N.M. 514 (citing *Hawkins v. CECO Corp.*, 883 F.2d 977, 982 (11th Cir. 1989); *Haskell v. Kaman Corp.*, 743 F.2d 113, 119 n. 1 (2d Cir. 1984)).

"A prima facie case may [. . .] be made through other means; not all factual situations will fit into any one type of analysis, although unlawful discrimination may nevertheless be present." *Id.* "[A] prima facie case can be shown absent a demonstration that the plaintiff was replaced by someone not in the protected class if he can show that he was dismissed purportedly for misconduct nearly identical to that engaged in by one outside of the protected class who was nonetheless retained." *Id.* (citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282–84 (1976); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185–86 (11th Cir.1984)). "This prima facie case may then be rebutted by evidence that the plaintiff was dismissed based on a nondiscriminatory motivation." *Id.* However, rebuttal is inappropriate where intentional discrimination exists; "the purpose of the test is to allow discriminated-against plaintiffs, in the absence of direct proof of discrimination, to demonstrate an employer's discriminatory motives." *Id.* (citation omitted). When direct evidence of discriminatory motive exists, each element "need not be proved—the NMHRA prohibits discrimination based on race, and if a plaintiff can show

through direct evidence that he was discriminated against because of an impermissible categorization, that is all that is required for him to prevail." *Id.* (citations omitted). There is no direct evidence that Plaintiff was discriminated against because of his race, thus, the prima facie case elements apply.

Plaintiff claims that he is Hispanic. He claims that he is qualified to continue in his position because he successfully managed the Santa Fe locale. He also claims, and Defendants do not dispute, that his employment was terminated, and that Defendant Figueroa took part in his termination because Defendant Figueroa traveled to Texas to meet with Lowe's superiors, and Plaintiff was fired a week after that meeting. There is also no question that Plaintiff can sue Defendant Figueroa individually under the NMHRA. *See Lobato*, 2012-NMSC-002, ¶ 8 ("[T]he NMHRA permits unlawful discrimination claims against individuals." (citing N.M.S.A. § 28–1–7(I)).

Under the fourth prima facie element, Plaintiff does not allege that he was replaced by someone who is not Hispanic. Rather, Plaintiff claims that most of Lowe's managers are white, that he was a minority in a Lowe's managerial position, and that Lowe's white managers were retained. [R. Doc. 1.1 at 11, ¶ 48]. Plaintiff claims that Defendant Figueroa was aware of the "50-50 mix" objective to attract white customers to their stores and possibly decrease their Hispanic-based customers and Plaintiff has alleged that this could demonstrate a racial bias towards Plaintiff. [Id. at 13, ¶ 59].

Therefore, the Court finds that Plaintiff has established a prima facie case of race discrimination under the NMHRA. Defendants have failed to carry their burden under the fraudulent joinder framework, as Defendants did not address whether Plaintiff failed to establish all state-law claims against Defendant Figueroa. Moreover, once Plaintiff demonstrated a prima

facie case, Defendants failed to rebut. Plaintiff alleged four types of claims against Defendants, and he only needs to carry one on the face. Defendants focused a great amount of their efforts on the exhaustion of remedies issue and whether Plaintiff could establish a claim for intentional infliction of emotional distress. Defendants failed to address whether Plaintiff failed to state a race discrimination, serious medical condition, or retaliation claim under the NMHRA. Plaintiff has shown a prima facie case for a cause of action of discrimination under the NMHRA against Defendant Figueroa. Defendants have failed to show either prong of the fraudulent joinder test, and thus, Defendant Figueroa, the non-diverse party, is a proper defendant to the suit.

Accordingly, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and the case shall be remanded.

## CONCLUSION

For the reasons set forth in the Memorandum Opinion and Order, the Court finds that diversity jurisdiction does not exist because Defendants have failed to carry the burden under the fraudulent joinder framework. As a result, removal is improper and Plaintiff's Motion to Remand is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Motion for Remand is **GRANTED**. **[R. Doc. 10, filed August 23, 2018]**.

**IT IS FURTHER ORDERED** that the request for attorney's fees is **DENIED**.[3] **[R. Doc. 10, filed August 23, 2018]**.

---

[3] A showing of bad faith is not necessary to justify attorneys' fees awards. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). There must be "a showing that the removal was improper *ab initio*." *Id.* Here, removal was not improper *ab initio* because there was an "objectively reasonable basis" for removing this case, which were the exhaustion of remedies and the fraudulent joinder arguments. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**IT IS FURTHER ORDERED** that the Motion to Dismiss Claims Against the Individual Defendants is **DENIED AS MOOT**. [**R. Doc. 9, filed August 20, 2018**].

**IT IS FURTHER ORDERED** that the Motion to Stay Proceedings Pending Ruling on Plaintiff's Motion for Remand is **DENIED AS MOOT**. [**R. Doc. 11, filed August 23, 2018**].

**IT IS FINALLY ORDERED** that the Clerk of this Court will take the necessary actions to **REMAND** the case to the First Judicial District Court, County of Santa Fe, New Mexico.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE